MONCURE), P.,
delivered the opinion of the court:
These cases come up on writs of error to judgments of the Circuit Court of Fairfax county, rendered on the 7th and 9th days of November, 1867, convicting the plaintiffs in error of the murder of one Thomas Garner —Samuel Matthews being convicted of murder in the first degree, and Cordelia Garner of murder in the second degree. An information had been filed against them in the county court of Fairfax in September, 1867, by the Commonwealth’s attorney for that county “upon his oath of office,” charging them jointly with the commission of the murder. Upon their arraignment in the county court, they demanded to be tried in the Circuit Court of the county, and they were thereupon remanded for trial in that court. In the Circuit Court they elected to be tried severally, and accordingly were so tried, upon the said information, to which each of them pleaded not guilty. Samuel Matthews .was first tried and then Cordelia Garner, and they were *sev-érally convicted as aforesaid; the former being condemned to be hung, and the latter to imprisonment in the penitentiary for five years. On the trial in the Circuit Court, no question was raised by Matthews, and the only question raised by Cordelia Garner was by an exception to a decision of the court overruling her motion for a new trial. Neither party moved in arrest of judgment. The main question presented for the decision of this court in these cases, and that on which alone they will be decided, is, whether a person can be put upon trial for any felony unless an indictment shall have first been found *888 against him therefor, by a grand jury in a court of competent jurisdiction?
„ If he can be, it is alone in virtue of an act of Assembly passed April 27, 1867, entitled “an act to revise and amend the criminal procedure.” Sess. Acts 1866-7, pp. 915-946, ch. 118. By that act all the chapters, twelve in number, from 201 to 212 inclusive, of Title 55 of the Code of 1860, pp. 817-849, were either repealed or amended and re-enacted — chapters 205 (of examining courts), and 212 (of proceedings against negroes), being repealed, and the others amended and re-enacted. The amendment of the first two sections of chapter 207 is that on which the question 'we are now considering arises. Those two sections, as they stand in the Code, p. 831, are as follows:
“1. Prosecutions for offences against the Commonwealth, unless otherwise provided, shall be by presentment, indictment or information. The trial of a white person, on a charge of felony, or of a free negro for a felonious homicide or a felony punishable with death, shall always be by indictment.
“2. No information shall be filed unless by leave of the court entered of record, nor unless the accused, being summoned for that purpose, fail to show good cause to the contrary. ”
*In lieu of these two sections, which were stricken out, the two following were adopted in the amended act, p. 926 of the session acts 1866-7:
“1. Prosecutions for offences against the Commonwealth, unless otherwise provided, shall be by presentment, indictment or information.
“2. An information may be filed upon a presentment or indictment by a grand jury, or upon a complaint in writing verified by the oath of a competent witness; but no person shall be put upon trial for any felony, unless an indictment shall have first been found by a grand jury in a court of competent jurisdiction, or upon the certificate of the committing justice. If the accused be in custody, or has been recognized or summoned to answer such presentment, indictment or complaint, no other process shall be necessary; but the court may, at its discretion, issue process to compel the appearance of the accused. ’ ’
Now if we construe this amendment literally, it is evident that no person can be put upon trial for any felony unless upon an indictment found by a grand jury, or upon the certificate of the committing justice ; and as the plaintiffs in error were not put upon their trial, either upon an indictment found by a- grand jury, or upon a certificate of a committing justice, but upon an information filed by the Commonwealth’s Attorney, and filed too, not “upon a presentment or indictment by a grand jury, or upon a complaint in writing verified by the oath of a competent witness,” but merely “upon his oath of office,” the judgments .might, on that ground, be reversed. . But we think the amendments ought not to be so construed; and that,, according to the true and proper construction thereof, no person can be put upon trial for any felony, unless an indictment against him therefor shall have first been found by a grand jury in a court of competent jurisdiction. A mistake was manifestly made in the location of some of *the words of the second section, as is apt to be the case in the process. of making amendments in the course of legislation. The mistake consisted in inserting the words, “'but no person shall be put upon trial for any felony unless an indictment shall have been first found by a grand jury in a court of competent jurisdiction,” before instead of after the words, “or upon the certificate of the committing justice.” By a simple transposition of a few words in the same sentence, and without altering, supplying or omitting a single word, the manifest intention of the legislature will be effectuated; and we therefore think the transposition ought to be made,, and that the former part of the section-ought to be construed and read as if it were written thus: ‘ ‘An information may be filed upon a presentment or indictment bjr a grand jury, or upon a complaint in writing, verified by the oath of a competent witness, or upon the certificate of the committing justice; but no person shall be put upon trial for any felony, unless an indictment shall have first been found by a grand jury in a court of competent jurisdiction.”
That this is the meaning of the legislature, we think is shown, first, by the reason of the thing; secondly, by the rules of grammatical construction, as applied to the words of the section as they now stand; .and thirdly, by -the context. And first, it is shown by the reason of the thing. It is impossible to suppose that the Legislature, after carefully providing that no person should be put upon trial for any felony, upon a presentment of a grand jury, or upon a complaint in writing verified by the oath of a competent witness, or upon an information though filed upon such a presentment or complaint, intended to authorize a person to be put upon trial for a felony without being indicted therefor, and merely upon the certificate of the committing justice; thus making the certificate a form of accusation for felony, and exalting it, in dignity, even • above a presentment *of a grand jury. The nature of this certificate is shown by the Code, p. 826, § 16, and in the amended act in the Session Acts, p. 924, § 16, in each of which a provision is made that when a person charged before a justice with a'criminal offence is committed or recognized by him for trial in the county or corporation court, “the justice shall return to the clerk of such court, as soon as may be, a certificate of the nature of the offence, showing whether the accused was committed or recognized therefor; and the clerk, as scon as may be, shall inform the Attorney for the Commonwealth in said court of such certificate.” The only object *889 in view in requiring' the certificate was, to inform the court and Commonwealth’s Attorney of the accusation, in order that it might be put in proper form, and that preparation might be made for the trial. See what is said on this subject in the opinion delivered'by Judge Joynes a few days ago in the case of Kemp & als. v. The Commonwealth. The legislature no doubt thought that this certificate might safely be made the foundation of an information to be filed therein by the Attorney for the Commonwealth, and therefore so provided; a function, however, which it had never before performed; but certainly could not have intended to place it on the same footing, in cases of felony, with an indictment found by a grand jury. Construing the section literally as it now stands, the manifest intention would be doubly disappointed. An information for a misdemeanor could not be filed upon the certificate, which the Legislature intended might be done; while a person might be put upon trial for any felony upon the certificate, which the Legislature intended might not be done. The construction we have adopted effectuates the intention in both respects. Secondly. This is the grammatical construction of the words as they now stand. The words, “or upon the certificate of the committing justice,” naturally, and in the form of ^expression, follow the words, “or upon a complaint in writing verified by the oath of a competent witness’ -while they unnaturally, and in unlike form of expression, follow the words, “but no person shall be put upon trial for any felony, unless indictment shall have first been found by a grand jury in a court of competent jurisdiction.” A literal construction in the order in which the words now stand, would be forced and difficult, as well as unreasonable. Thirdly. Our construction is sustained by the context. In many subsequent sections of the act, indictment alone is mentioned in regard to felony; thus excluding the certificate as a form of accusation for that grade of offence. This is the case in sections 14, 15, 27, 28, 29 and 31 of chapter 208, Session Acts, pp. 934-936.
We have looked to the printed Journal of the House of Delegates for 1866-67, during which this act was passed, and it conclusively shows that our construction is correct. The second section of chapter 207 as the bill was originally presented in the House, was in these words: “2. An information may be filed upon a presentment or indictment by a grand jury, or upon a complaint in writing, verified by the oath of a competent witness. If the accused be in custody,” &c., as in the act. So that there was then in the section nothing in regard to either an indictment for felony, or to the certificate of the committing justice. On the 19th of February, 1867, Mr. Booker moved an amendment, by inserting after the word ‘ ‘ witness, ’ ’ in section 2, line 3, the words, “but no person shall be put on trial for any felony punishable with death or confinement in the penitentiary for a longer time than five years, unless an indictment shall have first been found by a grand jury in a court of competent jurisdiction ; provided, however, that the accused can, by consent entered of record, waive this privilegeThis 'amendment was rejected. Journal, p. 310. Afterwards, on the same day, Mr. Straughan moved precisely *the same amendment, except the proviso, which was stricken out; but it also was rejected. Id. 311. On the next day, on motion of Mr. Evans, the section was amended by inserting after the same word “witness,” in the third line, the words, “or upon the certificate of the com-, mitting justice.” Id. 317. The section, as so amended, then ran thus: “An information may be filed upon a presentment or indictment by a grand jury, or upon a complaint in writing verified by the_ oath of a competent witness, or upon the certificate of the committing justice,'1'' &c. After-wards the bill was laid upon the table, and nothing more was done with it during that session. But at the extra session, which followed immediately thereafter, the same bill was reported to the House by the Committee for Courts of Justice, with an amendment as follows: In chapter 207, section 2, line 3-, after the word “witness;” insert the words, “But no person shall be put upon trial for any felony unless an indictment shall have first been found by a grand jury in a court of competent jurisdiction.” On the 15th day of March, 1867, this amendment was agreed to. Id. p. 48. And the bill was afterwards, during the same session, passed into a law, without any further change of the section, which was left as it now stands in the act. The amendment made by the committee, and agreed to by the House as aforesaid, corresponded precisely with the amendment as proposed by Messrs. Booker and Straughan respectively, as before stated, with the exception of some words (being those in italics,) which were stricken out of each successively; and was obviously proposed and agreed to without noticing the fact that in the meantime the section had been amended by inserting the words, “or upon the certificate of the committing justice, ’ ’ after the word ‘ ‘ witness, ’ ’ in the third line. Had that fact been noticed, there can be no doubt but that the amendment reported by the corn-mittee *would have been inserted after those words, instead of being inserted before them, and after the word “witness,” as originally proposed. Thus, by a too literal pursuance of the terms of the original proposition, arising from an oversight of the amendment made in the meantime, a mistake has occurred in the location of the words of the section. Still the intention of the Legislature can be ascertained, even from the words as thejr stand in the act. But viewed in the light of surrounding circumstances, and especially in the light of their proceedings in regard to this act as recorded in their published Journal, there can be no doubt as to the true meaning of the section.
*890 To exclude a conclusion, it may be proper to notice a question which was raised in the argument of th¿se cases; whether the legislature has power to dispense with the necessity of an indictment in cases of felony? Article V of the amendments to the constitution of the United States provides, that “no person shall be held to answer for a capitál or otherwise infamous crime, unless on a presentment or indictment of a grand jury.” It was rightly conceded in the argument that this article applies only to the Federal government, and has no application to that of the States. But it at least .serves to show the importance which was attached to the subject by the States, and that as they deemed it necessary to engraft this provision on the Federal constitution, they would not be apt to disregard the principle in moulding their State constitutions. There is in the constitution of Virginia no such express provision. The only express reference which it makes to the subject of indictments, is in a provision which was engrafted on the original constitution, and has been literally copied into every amended constitution since; and which declares that “indictments shall conclude against the peace and dignity of the commonwealth.” Constitution of 1851, art. 6, sec. 24, Code p. 54. There are some '^provisions in the Bill of Rights which had their origin in Magna Charta, which have been supposed to embrace, among other things, a declaration that no citizen shall be put upon trial for felony unless upon an indictment found by a grand jury. This is certainly the rule of the common law. which authorizes the Attorney General to exhibit an ex-officio information for any misdemeanor whatever, but not for felony; it being required in all cases of felony that the accusation should be warranted by the oath of twelve men before the defendant can be put to answer it. Cole on criminal informations, p. 9, and authorities cited, 56 Law Library.
This constitutional question is an important one, and will deserve and receive full consideration by this court whenever, if ever, it shall become necessary for the court to decide it. It is not necessary for us to do so now, and we therefore express no opinion upon it. The suggestions we have made on the subject ought at least to have some weight in the construction of the statute we have been considering, and require that we should not impute to the Legislature an intention to change a rule of the common law which has received so many solemn sanctions^ without the clearest evidence of such intention; especially a rule which was established for the protection of life, liberty and character.
• It was argued by the Attorney General, that if the [ plaintiffs in error were entitled to require that they should not be put upon trial for the murder of which they were accused unless an indictment should have first been found against them therefor by a grand jury, yet that it was a personal privilege, intended for their benefit, which they might therefore waive; and that they did waive it, by pleading not guilty to the information without objection, and by omitting to make any motion in arrest of judgment. There may be some doubt whether the privilege is *such a one as that they could waive it, especially if it be a constitutional right. (See what is said on this subject in Carcemi v. The People, 18 New York R. 129, a case cited by the counsel for the plaintiff in error.) But certainly, if they could waive the privilege, they ought not to be considered as having done so, without the clearest evidence of their having well understood that they had the privilege, and of their having intended to waive it. There is no such evidence in this case. They were not bound to make the objection by motion in arrest of judgment, but may make it for the first time in this court, notwithstanding their omission to make such motion. Anything which is good cause for arresting a judgment, is good cause for reversing it, though no motion in arrest be made.
We therefore think the judgments ought to be'reversed, the information and all the proceedings subsequent thereto set aside, and the causes remanded for further proceedings to be had therein, in conformity with the foregoing opinion.
Judgment reversed.